UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
El DORADO DIVISION

KAREN C. RANDALL     PLAINTIFF

v.     Civil No. 1:18-cv-01003

NANCY A. BERRYHILL, Commissioner     DEFENDANT
Acting Social Security Administration

**MEMORANDUM OPINION**

Karen C. Randall ("Plaintiff") brings this action under 42 U.S.C. § 205(g) pursuant to §205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C §405(g) (2010), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

On September 12, 2014, the Plaintiff protectively filed her applications. (Tr. 17, 189-195). In her applications, Plaintiff alleges she was disabled due to type 2 diabetes, benign essential

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr. ___"

1

hypertension, allergic rhinitis, lumbar degenerative disc disease, fibromyalgia, stress, fatigue, depression, and headaches beginning June 2, 2014. (Tr. 189, 216, 267, 272 277). These claims were denied initially on April 9, 2015, and upon reconsideration on July 17, 2015. (Tr. 135, 139).

Thereafter, Plaintiff filed a written request for hearing on her application and this application was granted. (Tr. 141, 156). An administrative hearing was held on June 27, 2016, before the honorable Rowena E. DeLoach, Administrative Law Judge, in El Dorado, Arkansas. (Tr. 67-95). At the administrative hearing, Plaintiff was present and was represented by counsel, Randolph Baltz. (Tr. 69). Plaintiff and Vocational Expert ("VE") Charles Smith, testified at this hearing. *Id*.

On January 11, 2017, the ALJ entered an unfavorable decision on Plaintiff's disability applications. (Tr. 19). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2019. (Tr. 19, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 2, 2014, her alleged onset date. (Tr. 19, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine, obesity, depression, and personality disorder. (Tr. 19-20, Finding 3). The ALJ additionally found Plaintiff had non-severe impairments of fibromyalgia and diabetes. (Tr. 19, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 22-31, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and

determined they were not entirely credible. *Id*. Second, the ALJ determined Plaintiff retained the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(a) and 416.967(b) with no overhead reaching, and with occasional interaction with the general public, coworkers and supervisors.
> *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined she was incapable of performing any of her past relevant work. (Tr. 27, Finding 6). The ALJ did, however, determine Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, specifically that of a price marker, housekeeper, or deli cutter and slicer. (Tr. 28, Finding 10). The ALJ concluded Plaintiff had not been under disability under the Act from June 2, 2014 through the date of his decision. (Tr. 29, Finding 11).

Plaintiff requested the Appeals Council review the ALJ's unfavorable disability determination. (Tr. 186). On November 7, 2017, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). Plaintiff filed the present appeal on January 5, 2018. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 23, 2018. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 17-18. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

3

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. §423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff alleges her case should be reversed and remanded for immediate award of benefits for the following reasons: (A) the ALJ failed to properly develop the Record; (B) the ALJ erred in his evaluation of her subjective complaints; (C) the ALJ did not properly consider Plaintiff's combination of impairments; and (D) the ALJ erred in the RFC assessment. (ECF No. 14, p. 2).

**A. Development of the Record**

Plaintiff argues the ALJ committed error by not ordering a neurological consultation to support her RFC assessment, despite finding Plaintiff's fibromyalgia to be a non-severe impairment. (ECF No. 14, p. 22). Plaintiff also argues that failing to procure a medical source statement from Plaintiff's treating physicians and according great weight to the opinions of the state agency consultants constituted error. *Id*.

The need for medical evidence does not necessarily require the Commissioner to produce additional evidence not already within the record. An ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001). Providing specific medical evidence to support her disability claim is, of course, the Plaintiff's responsibility, and that burden of proof remains on her at all times to prove up her disability and present the

strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991); 20 C.F.R. § 416.912(a) and (c).

In her RFC determination the ALJ thoroughly analyzed Plaintiff's treatment record, and also considered the opinion evidence of record. (Tr. 23-27). The ALJ considered the physical and mental exam findings, as well as a cervical CT scan from the relevant time period and found that the results were largely normal or benign. (Tr. 24-27). The ALJ gave great weight to opinion evidence provided by consultative examiner Mike Parker, PhD, who indicated Plaintiff was fully capable of performing all basic and complex activities of daily living and other daily chores and tasks mentally; however, she should pace herself due to pain issues. (Tr. 25, 593). Dr. Parker further found Plaintiff had good interpersonal skills but appeared conflicted in most interpersonal and social settings. (Tr. 25, 594). Dr. Parker also noted Plaintiff's concentration and attention appeared to be generally intact. *Id*. The ALJ also gave great weight to the opinions of non-examining medical consultants. (Tr. 27).

There is no requirement that an ALJ must obtain an RFC assessment from each treating or examining physician. The Eight Circuit Court of Appeals has upheld the Commissioner's RFC assessment in cases where the ALJ did not rely on a treating physician's functional assessment of the claimant's abilities and limitations. *See Page v. Astrue,* 484 F.3d at 1043 (the medical evidence, state agency physician opinions, and claimant's own testimony were sufficient to determine RFC); *Stormo v. Barnhart*, 377 F.3d 801, 807-808 (8th Cir. 2005) (medical evidence, state agency physicians' assessments, and claimant's reported activities of daily living supported the RFC); *Masterson v. Barnhart,* 363 F.3d 731, 738 (8th Cir. 2004) (ALJ properly relied upon assessments of consultative physicians and a medical expert). Therefore, the ALJ did not err in

not procuring an RFC assessment from Dr. Goss as there was adequate evidence already in the record.

The Court finds there was sufficient evidence in the record from which the ALJ could make an informed decision concerning Plaintiff's disability claim.

### B. Subjective Complaints of Pain

Plaintiff argues the ALJ neglected to properly address her subjective complaints of pain, despite Plaintiff's complaints of pain being well documented and supported by the medical evidence of record. (ECF No. 14, p. 17).

The ALJ was required to consider all the evidence relating to Plaintiff's subject complaints, including evidence presented by third parties that relates to: 1) Plaintiff's daily activities; 2) the duration, frequency, and intensity of her pain; 3) precipitation and aggravating factors; 4) dosage, effectiveness, and side effects of her medication; and, 5) function restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount the Plaintiff's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. *Id*. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ gave some credence to Plaintiff's subjective complaints of pain and restricted her to only light work with occasional overhead reaching. (Tr. 24). The ALJ discounted Plaintiff's complaints of pain to the degree that the clinical findings opinions in the record did not support Plaintiff's allegations that her pain was so severe as to be disabling. (Tr. 23).

In support of this finding, the ALJ conducted a thorough review of the medical evidence of record, and the opinion evidence. (Tr. 23-27). The ALJ noted discrepancies between Plaintiff's

7

reports of pain, and her treating physician's observations. In March of 2014, treating physician Eric Goss, M.D., found Plaintiff to have a normal gait and balance with no cane use. (Tr. 23, 541). However, in October of 2014, Plaintiff reported she could walk only a short distance due to pain, had balance problems, and used a cane. (Tr. 23, 235-236). In 2016, Dr. Goss recommended weight loss, exercise, and that Plaintiff use cane only as needed. (Tr. 23, 671). The ALJ specifically noted Plaintiff did not receive a prescription for a cane until April of 2016, two years after she began using a cane. (Tr. 23). The ALJ found the above evidence suggested Plaintiff's use of a cane was volitional. *Id*.

The ALJ noted the lack of evidence of the physical signs of a patient with severe and disabling pain, such as premature aging, weight loss, muscle atrophy from non-use, or facial expressions such as grimaces in the medical evidence of record. (Tr. 23, 330-331, 525, 531, 559, 583, 603, 608, 656-657, 671, 677, 682, 685-686). The ALJ also considered the treatment prescribed by Plaintiff's physicians, noting that Dr. Goss did not prescribe medications stronger than Ibuprofen and muscle relaxers for her pain, and recommended medications and exercise for the treatment of her pain. (Tr. 24-27, 333, 524-527, 530-532, 557-561, 581-584, 665-658, 672).

With regards to Plaintiff's allegations of uncontrolled blood sugar levels, even with medication, the ALJ found this claim was contradicted by the medical evidence. (Tr. 23, 73, 556, 526, 608). The ALJ did note that in April of 2016, Plaintiff's diabetes was stable, but her blood sugars were running high. (Tr. 26, 668). Similarly, the ALJ noted inconsistencies between Plaintiff's report of residual problems from her left carpal tunnel surgery in 2010, and the lack of corroborating signs such as a loss of motor strength or treatment for complaints or problems with her hands during the relevant time period. (Tr. 23-24, 75, 331 525, 531, 559, 603, 608, 671, 677, 685).

Upon review of the above, the Court finds the ALJ's credibility determination was supported by substantial evidence.

**C. Impairments**

Plaintiff argues the ALJ erred by not considering Plaintiff's impairments in combination. (ECF No. 14, pp. 13-16). Plaintiff argues the ALJ neglected to fully evaluate the effects of her obesity in combination with her other impairments, particularly her neck and back pain. (*Id.*, p. 14).

The burden remains with the Plaintiff to establish that her impairment meets or equals an impairment enumerated in the listings. *See Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004); *Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995); 20 C.F.R. §§ 404.1520, 416.920. The issue as to whether a plaintiff meets or equals a listing is a medical determination. *Cockerham v. Sullivan*, 895 F.2d 492, 496 (8th Cir. 1990). For a claimant to meet a listing, there must be a diagnosis of a listed impairment that is established by medically acceptable findings based on clinical and laboratory diagnostic techniques. 20 C.F.R. §§ 404.1525, 416.925. However, a diagnosis alone does not establish that the claimant meets a listing. *See Collins v. Barnhart*, 335 F.3d 726, 730-31 (8th Cir. 2003); 20 C.F.R. §§ 404.1525(d), 416.925(d). Plaintiff must show that she meets all of the specific criteria for the listed impairment. *See Johnson*, 390 F.3d at 1070; *Marciniak*, 49 F.3d at 1353; 20 C.F.R. §§ 404.1525(d), 416.925(d). Further, to meet her burden of proof of showing medical equivalence, "a claimant must . . . present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Johnson*, 390 F.3d at 1070 (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)); 20 C.F.R. §§ 404.1526(a), 416.926(a).

In this case, the ALJ found Plaintiff's impairments of fibromyalgia and diabetes to be non-severe. (Tr. 19). The ALJ found that while there was a diagnosis of fibromyalgia, there was no

9

evidence to support the diagnostic criteria in the medical record and her examinations remained unremarkable. (Tr. 19, 24.). With regard to Plaintiff's diagnosis of diabetes, the ALJ found that despite the associated diagnosis of peripheral neuropathy, there were no report of neuropathy symptoms and Plaintiff had not received treatment for neuropathy. *Id.*

In evaluating Plaintiff's obesity, the ALJ found it to be severe, but at step four found the signs, symptoms, and laboratory findings of her obesity were not of such a severity as was found in any listing and retained analysis of Plaintiff's limitations due to obesity for evaluation in the RFC analysis. (Tr. 20). In the RFC determination, the ALJ found Plaintiff's lumbar degenerative disc disease and obesity limited her to light work. (Tr. 27).

While the ALJ did not find all of Plaintiff's alleged impairments to be severe impairments, she did find Plaintiff's degenerative disc disease, obesity, depression, and personality disorder to be severe. The ALJ specifically discussed each alleged impairment in the decision, and clearly stated that he considered all of Plaintiff's impairments, including the impairments she found to be non-severe. See 20 C.F.R. § 404.1545(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ... including ... impairments that are not 'severe'"); § 404.1523(c) (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"); *see also Swartz v. Barnhart*, 188 F. App'x 361, 368 (6th Cir. 2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); *Elmore v. Astrue*, 2012 WL 1085487, at *12 (E.D. Mo. March 5, 2012).

Further, the ALJ specifically stated that she considered all of plaintiff's impairments and considered them singly and in combination. (Tr. 20). While Plaintiff objects to the use of this

standard language, the Eighth Circuit has held that such statements show the ALJ considered the combined effects of impairments. *Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir. 1994) (where ALJ found that claimant did not have impairment or combination equaling listing-level impairment and referred to evidence as a whole, ALJ properly considered combined effect of impairments).

The Court finds the ALJ adequately considered the Plaintiff's impairments in combination.

### D. Residual Functional Capacity Analysis

Plaintiff argues the ALJ erred by failing to properly explore the totality of Plaintiff's impairments, particularly with regard to Plaintiff's obesity, back pain, neck pain, and shoulder pain. (ECF No. 14, p. 24). Plaintiff argues the ALJ erred by failing to order a neurological consultation, and the ALJ had insufficient evidence to dismiss her fibromyalgia as non-severe. (*Id*., p. 22). Plaintiff further objected to the ALJ's reliance upon the opinions of the state agency consultants. (*Id*., p. 24).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 416.945(a)(1). It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. § 416.945; Social Security Ruling (SSR) 96-8p. It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).

Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614, 619 (8th Cir. 2007), citing *Lauer v. Apfel*, 245 F.3d at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir. 2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner. 20 C.F.R. §§ 416.927(e)(2), 416.946.

The ALJ's RFC determination was supported by medical evidence. As discussed above, the ALJ considered the roughly two years of medical records covering the relevant time period and found the results of Plaintiff's physical and mental exams were largely normal or benign. (Tr. 24-26, 330-31, 525, 559, 583, 603, 608, 656-657, 671,677, 685). As there is no requirement that the medical evidence use to make an RFC determination be specifically opinion evidence, the lack of RFC assessments from Plaintiff's treating physicians does not render the ALJ's RFC determination invalid. Further, the ALJ gave great weight to the opinions of two non-examining consultants and one examining consultant. (Tr. 25, 107-108, 126, 594).

Therefore, the Court finds the ALJ's RFC determination was supported by substantial evidence.

**E. Hypothetical to Vocational Expert**

"The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (citing *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir.

2006)). The ALJ's hypothetical question included all the limitations found to exist by the ALJ and set forth in the ALJ's RFC determination. *Id*. Based on our previous conclusion that the ALJ's RFC findings are supported by substantial evidence, we hold the hypothetical question was proper, and the VE's answer constituted substantial evidence supporting the Commissioner's denial of benefits. *Id.*, *see also* Lacroix, 465 F.3d at 889.

**4. Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 5th day of February 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE